UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
IN RE: FRESENIUS GRANUFLO/      )    MDL NO. 13-02428-DPW
NATURALYTE DIALYSATE            )
PRODUCTS LIABILITY LITIGATION   )

              This Order Relates To:

KEVIN CHURCH,                   )    CIVIL ACTION NO.
     Plaintiff,                 )    14-cv-10836-DPW
v.                              )
                                )
FRESENIUS MEDICAL CARE          )
HOLDINGS, INC., ET AL.,         )
     Defendants,                )

                              and

BRENDA MOSES,                   )    CIVIL ACTION NO.
     Plaintiff,                 )    14-cv-10848-DPW
v.                              )
                                )
MEDICAL CARE HOLDINGS, INC.,    )
ET AL.,                         )
     Defendants.                )
```

MEMORANDUM AND ORDER
June 30, 2015

**I. BACKGROUND**

Under Case Management Order No. 7 entered in this Multidistrict Litigation ("MDL") matter, a short form complaint protocol has been established to regularize pleadings in the more than 4,000[1] MDL cases aggregated before me. A Short Form

---

[1] More precisely, this court's CM/ECF system reports that as of the beginning of the business day this morning, there were 4,017 such cases pending before me in this matter. The general trajectory continues toward increased numbers of cases being

Complaint must be filed irrespective of whether a case is transferred to this district by the Judicial Panel for Multidistrict Litigation or the case is directly filed in this district.[2]

Kevin Church and Brenda Moses each direct filed in this court with a Short Form Complaint on March 17, 2014. Church brought an action to recover damages for the death of Mary Church-Sample[3], who died in June 2004 after receiving dialysis treatment in Virginia. Moses brought an action to recover damages for the death of her spouse Roderick Moses[4], who died in

---

added to this MDL. For example, a little over two weeks ago, the June 15, 2015, monthly statistical reports of the Judicial Panel on Multidistrict Litigation identified 3,873 cases within this MDL proceeding. On the same day, only 3,774 of the MDL cases appeared on this court's CM/ECF system. The June 15, 2015, disparity reflects the fact that at any given time additional cases are in the MDL pipeline for transfer to this court. Except to observe that this is one of the ten largest ongoing MDL matters, greater precision in identifying the scale of this proceeding is not meaningful at this point. The total number of cases will remain in flux for some time. Ongoing motion practice is resulting in dismissals of cases while additional filings of new cases may be anticipated for the foreseeable future.

[2] *See generally* Andrew D. Bradt, *The Shortest Distance: Direct Filing and Choice of Law in Multidistrict Litigation*, 88 Notre Dame L. Rev. 759, 816 (2012) (discussing benefits of permitting plaintiffs who directly file in a MDL transferee district to specify in the complaint an appropriate "home venue" where the case could otherwise have been filed so that all plaintiffs, whether they originally file in a transferor forum or directly in the MDL transferee district, have identified a specific home venue).

[3] The complaint does not specify the relationship between Church and the decedent, Ms. Church-Sample.

[4] The complaint identifies Brenda Moses as "plaintiff's spouse," but more accurately stated, Brenda Moses, who is

August 2005 after receiving dialysis treatment in Virginia. Church and Moses each selected the Eastern District of Virginia as their "home forum" on the Short Form Complaint. Both Church and Moses alleged in Plaintiff Fact Sheets provided to the Fresenius defendants ("FMCNA") stating that their appointments as personal representatives of the decedents' estates were "pending" in the Virginia courts.

## II. PRIOR DETERMINATION REGARDING VIRGINIA WRONGFUL DEATH STATUTE OF LIMITATIONS LAW

Last June, I issued an order dismissing on statute of limitations grounds a non-FMCNA defendant in another case in this MDL matter brought by a plaintiff claiming a Virginia home forum. *See Puckett* v. *Fresenius Medical Care Holdings, Inc., et al*, Civil Action No. 14-12120 (Dkt. No. 26)(June 24, 2014). In *Puckett*, I held that "[u]nder Virginia law, a wrongful death action must be brought within two years of the alleged cause of death, Virginia Code § 8.01-244(B)." *Id*. at 1-2. I noted that the tolling provisions of Virginia Code § 8.01-229(B) do not apply to a Wrongful Death Act action, and that the proper tolling provision is the one provided in Virginia Code § 8.01-244(B), which authorizes the extension of the limitations period where a prior action was brought within the two-year period but thereafter dismissed without determination of the merits. *Id*.

---

designated plaintiff, is the spouse of the decedent, Roderick Moses.

The plaintiff in *Puckett*, I concluded, did not — and apparently could not — file a timely complaint under Virginia law.

FMCNA had not joined in the Motion to Dismiss that gave rise to my statute of limitations opinion in *Puckett*, and I invited them to state whether they would move to dismiss on statute of limitations grounds as their co-defendant Amedysis, Inc. had done. FMCNA then filed a motion for judgment on the pleadings in *Puckett* and also noted several other cases in this MDL that may be subject to dismissal due to the Virginia statute of limitations.[5] The plaintiff in *Puckett* thereupon filed a notice of voluntary dismissal on July 7, 2014.[6]

### III. CHURCH AND MOSES RESPOND TO THE DETERMINATION

On July 10, 2014, Church and Moses — apparently concerned about the implications of *Puckett* regarding the statute of limitations applicable to their cases — filed motions for leave to amend their Short Form Complaints to change their home forum

---

[5] This list included the *Church* case, but did not include the *Moses* case, apparently due to an oversight.
[6] The plaintiff in *Puckett* purported to dismiss voluntarily under Fed. R. Civ. P. 41(a)(1). Strictly speaking, because answers had earlier been filed in that case in the Western District of Virginia where it began before transfer, Rule 41(a)(1) was not available for plaintiff's dismissal. Nevertheless, I deem the reported voluntary dismissal, to which no objection was made by defendants, to have the same effect as if the plaintiff had moved for a court order to that effect under Fed. R. Civ. P. 41(a)(2) and I will treat it as being without prejudice. Whether the *Puckett* case has any further viability, however, is not before me.

selection from the Eastern District of Virginia to the District of Massachusetts.

In a January 2, 2015 order concerning choice of law and statutes of limitations in Mississippi cases, *In re Fresenius*, 2015 WL 44588, *7 (D. Mass. January 2, 2015), I held that I would consider "the forum that the direct filing plaintiffs designated on their Short Form Complaints as the originating home forum for the choice of law analysis," *id*. at *7, but that I would not permit parties, through use of the Short Form Complaint, to replace their originating forum with a new "home forum," *id*. at *8. *See also In re Fresenius*, Civil Action No. 14-12545, Dkt. No. 21, (D. Mass January 2, 2015), *7-8.

Church and Moses thereupon withdrew their motions for leave to amend and filed motions to dismiss their cases without prejudice. FMCNA opposed those motions and has filed separate motions to dismiss these cases on Virginia statute of limitations grounds. Church and Moses have responded to the motions to dismiss by arguing that each action should be treated as a "nullity," because neither plaintiff had established status as personal representative of the respective decedent's estate at the time the actions were filed, and that any dismissal should be without prejudice.

-5-

## IV. EFFECT OF DISMISSAL OF PLAINTIFFS CHURCH AND MOSES AS NON-QUALIFIED REPRESENTATIVE PARTIES

Both parties agree that the status of Church and Moses as personal representatives of their decedents was pending at the time that they commenced these actions by direct filing in this MDL. Both actions were filed on March 17, 2014, but the personal representative for the Estate of Roderick Moses reportedly was not appointed until July 17, 2014, and the personal representative for the Estate of Mary Church reportedly was not appointed until July 20, 2014.

Under Virginia's wrongful death statute, a wrongful death action "shall be brought by and in the name of the personal representative of such deceased person." Va. Code § 8.01-50(C). Virginia law is clear that only an administrator or executor has standing to sue under the Virginia Wrongful Death Act. *Addison* v. *Jurgelsky*, 704 S.E.2d 402, 404-05 (Va. 2011). A person identified as an administrator or executor may not exercise a representative's powers, other than paying certain burial costs or preserving the estate from waste, until that person becomes "qualified" to take on this role. Va. Code § 64.2-511; *see also Harris* v. *Citizens Bank & Trust Co.*, 200 S.E. 652, 661 (Va. 1939)("In Virginia [an executor] also derives his power from the will, yet that power is not consummated until statutory requisites are complied with. . . although he may at once do whatever is necessary to protect the estate from waste, pay

funeral expenses, etc."). Qualification under Virginia law involves a formal process, effected by the taking of an oath and the giving of a bond. Va. Code § 64.2-511. There is no significance under Virginia law to having a "pending" appointment as a personal representative. *See Douglas* v. *Chesterfield County Police Department*, 467 S.E.2d 474, 476-77 (Va. 1996) (qualification at time of filing is required for standing; wife's status as executor in decedent's will of no effect).

The parties agree that Church and Moses, as non-qualified representatives, did not have standing to sue under the Virginia Wrongful Death Act at the time these actions were filed, and that "when a party without standing brings a legal action, the action so instituted is, in effect, a legal nullity." *Harmon* v. *Sadjadi*, 639 S.E.2d 294, 299 (Va. 2007). This lack of standing means that Church and Moses cannot amend their complaints, *Kone* v. *Wilson*, 630 S.E.2d 744, 746 (Va. 2006), or substitute a new plaintiff (presumably themselves in their new representative capacities) for the original plaintiffs who lacked standing to bring the action, *Estate of James* v. *Peyton*, 674 S.E.2d 864, 868 (Va. 2009). While both the plaintiffs and the defendants agree that the lack of standing makes the instant suits "legal nullit[ies]," *Harmon*, 639 S.E.2d at 299, they disagree about

whether the effect of this status should be a dismissal of the actions without prejudice or a dismissal with prejudice.

That determination hinges on the effect of declaring a legal action to be a "legal nullity" in the context of a wrongful death action. The Virginia Supreme Court has considered this question in discussing whether statutory tolling provisions[7] apply when the underlying action itself is declared a nullity. In *Harmon*, the Virginia Supreme Court considered the question in the context of a personal injury action for damages sustained prior to a decedent's death, a cause of action with distinct tolling provisions from those for wrongful death actions. *Id.* at 296, n.2. The court in *Harmon* held that when a plaintiff did not have legal standing to file a motion for judgment, the motion had "no legal effect and, as a nullity, could not act to toll the running of the statutory period" under

---

[7]As noted above, the tolling provision that applies to the Wrongful Death Act is the one specifically included in Virginia Code § 8.01-244(B). This provision contains two specific tolling provisions related to cases previously filed by a *qualified* representative: (1) when an action is brought within the two-year statute of limitations period but the action "abates" or is dismissed without determining the merits, then the time the action was pending is excluded from the two-year period; (2) when an action is nonsuited, meaning voluntarily dismissed as of right, the statute of limitations is tolled during the period of the nonsuited action plus an additional six months, *see* Va. Code § 8.01-229(E)(3). Where no cognizable action was filed during the period of the statute of limitations, the two-year period runs in an uninterrupted manner and is not subject to any other statutory tolling provision.

-8-

Virginia law. *Id.* at 302. The court held further that when a suit is filed by a plaintiff who lacks standing, the error cannot be cured by substituting a plaintiff with standing. *Id.* at 299. Rather, "the sole remedy is a nonsuit followed by a new action brought in the name of a proper plaintiff." *Id*. (citations omitted).

The Virginia Supreme Court subsequently addressed the status of a non-qualified personal representative who filed a wrongful death action in *Johnston Memorial Hospital* v. *Bazemore*, 672 S.E.2d 858 (Va. 2009). There, the court reinforced its earlier holding that a suit or motion brought by a plaintiff without legal standing is a legal nullity. *Id.* at 860. The *Johnston Memorial Hospital* court, however, took the conclusion of *Harmon* a step further by clarifying that a legally null suit cannot be "nonsuited," meaning voluntarily dismissed as of right under Virginia Code § 8.01-380(B), and therefore cannot preserve the tolling benefits for a wrongful death action that stem from that initiative. *Id.; see supra* note 7. The *Johnston Memorial Hospital* court concluded that "[t]o hold otherwise could give an action that has no legal effect the benefit of the tolling provision and the six-month period in which to refile a nonsuited action provided in Code § 8.01-229(E)(3)." *Id.* at 861.

Having held that the action was a legal nullity without effect on tolling, the *Johnston Memorial Hospital* court dismissed the action with prejudice. *Id.* at 862. Relying on this outcome, FMCNA argues that a dismissal due to lack of standing in this circumstance is a dismissal with prejudice preventing a party with standing from pursuing this case in the future. The *Johnston Memorial Hospital* court, however, did not hold that all cases dismissed as legal nullities must be dismissed with prejudice.

While the *Johnston Memorial Hospital* court did not explain the reasoning behind its decision to dismiss the action with prejudice, it appears that it determined, based on its holding that the earlier-filed case would not serve to toll the statute of limitations in accord with Virginia Code § 8.01-244(B), that any subsequent action would be incurably untimely. The decedent in *Johnston Memorial Hospital* died on March 14, 2005, the case was originally filed on March 9, 2007 — just within the two-year statute of limitations — but the plaintiff was not qualified as the decedent's personal representative until August 22, 2007 — beyond the two-year statute of limitations. Given this timing, the declaration that the earlier action was a legal nullity and could not be nonsuited meant that the statute of limitations had not been tolled at all and even a qualified representative plaintiff would be out of time to bring a suit. In that

context, the declaration by the Virginia Supreme Court in *Johnston Memorial Hospital* that the action was "dismissed with prejudice" as a matter of Virginia law is unsurprising.

Given the statutory scheme as a whole, reading the *Johnston Memorial Hospital* court's holding as meaning that all actions filed by plaintiffs without standing under the Wrongful Death Act should be dismissed with prejudice would be overbroad. The fact that some party without standing brought an action that was dismissed for lack of standing could not block an appropriate party from bringing the same action so long as it was still within the limitations period. Similarly, a person who files a wrongful death action initially without standing and who then moves to dismiss and re-file once qualified as a personal representative should be permitted to pursue the re-filed action so long as the properly-commenced action was brought by the qualified representative within the two-year statute of limitations.

The issue in *Johnston Memorial Hospital* that led to dismissal with prejudice rather than without prejudice was not that the earlier suit brought without standing was a "legal nullity," as are the cases filed by Church and Moses, but rather that the statute of limitations had conclusively run before the action by a qualified representative could be filed. There was no way for any plaintiff to bring the same claim again under

Virginia law. In Virginia, dismissal based on the statute of limitations is "an adjudication on a substantive element of the cause of action, thereby directly supporting the doctrine of *res judicata*." *Lambert* v. *Javed*, 641 S.E.2d 109 (Va. 2007). In *Johnston Memorial Hospital*, there was nothing left to do but for the court to dismiss with prejudice.

FMCNA contends that any new complaint filed by Church and Moses assessed under the Virginia statute of limitations would at this point be time-barred and consequently that the dismissal here should be with prejudice. However, the statute of limitations issue in this case cannot be so cleanly dispatched. Given the allegations, which include that FMCNA committed misconduct at its primary place of business in Massachusetts, Church and Moses originally could have brought this action in Massachusetts. They seek to have this action dismissed under Fed. R. Civ. P. 41(a)(2) and to file a new action in this MDL now that they have standing, specifying their home forum as Massachusetts.[8] This, presumably, is with the hope that the statute of limitations issue will be more plaintiff-friendly

---

[8] In contrast, it appears that the parties in *Johnston Memorial Hospital* did not have recourse to any other forum. Although the citizenship of the parties was not explicitly discussed, the hospital was a Virginia citizen and there was no indication that the named doctor is other than a Virginia citizen. Thus, in *Johnston Memorial Hospital*, it appears that only Virginia law was potentially at issue. Here, however, choice of law principles of at least one other jurisdiction — Massachusetts — may be implicated.

under Massachusetts choice of law than it appears to be under Virginia law.[9] I decline to reach the statute of limitations issue as a matter of Virginia,[10] or any other applicable, law.

The core rule of *Johnston Memorial Hospital* is that when an action filed by a party without standing is deemed a legal nullity, the effect is as if the action had never been filed. It cannot be amended; it cannot be "nonsuited"; it cannot be dismissed on any substantive ground; it cannot be used to toll the statute of limitations for a wrongful death claim. Consistent with that rule, I conclude that these cases must be dismissed due to a lack of standing on the part of Church and Moses, and that the existence of these cases and their dismissals will have no effect on the timeliness of any further

---

[9] Based on prior proceedings in this MDL, this hope is likely well-founded. *See In re Fresenius*, 2015 WL 44588 *11 (holding that, from the vantage point of this stage in the proceeding, "Massachusetts has a substantial interest in the timeliness of this action," and therefore the Massachusetts statute of limitations is appropriate for cases subject to a Massachusetts choice of law analysis.) Whether a new case brought with a Massachusetts home forum necessarily would be subject to the Massachusetts statute of limitations and whether such an action would be timely is not before me.

[10] I note that a federal appellate case construing Virginia law has held that "the limitations provisions of the Virginia Wrongful Death Act are subject to tolling by equitable estoppel or fraudulent concealment." *Overstreet* v. *Kentucky Cent. Life Ins. Co.*, 950 F.2d 331, 936 (4th Cir. 1991). My earlier *Puckett* decision did not address the potential for equitable estoppel or fraudulent concealment relief from the limitations period because it was not raised by the plaintiff there. I do not reach that potential here either.

proceedings brought by a qualified personal representative with standing.

## III. CONCLUSION

I must dismiss this action on grounds that it was not brought by a personal representative with standing. To that extent, the case is dismissed with prejudice to a subsequent effort by the plaintiffs to bring actions later in a non-representative capacity. I do not address — because it is not properly before me — whether the Virginia law of statute of limitations bars the action if brought by a qualified representative party with standing. Consequently, the case is dismissed without prejudice to its pursuit by a proper plaintiff, who nevertheless may confront motions to dismiss on statute of limitations or other grounds. Accordingly, I ALLOW plaintiffs' motions for dismissal (Dkt. No. 30 in 14-10836-DPW and Dkt. No. 31 in 14-10848-DPW) without prejudice to pursuit of the claims by a proper representative party and I otherwise DENY defendants' motions to dismiss the cases with prejudice entirely (Dkt. No. 35 in 14-10836-DPW and Dkt. No. 36 in 14-10848-DPW).

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE